UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX DEJESUS,

                Plaintiff,

      -against-

STEPHANIE RUDOLPH, COMMISSION OF
HUMAN RIGHTS,

             Defendant.

19-CV-4480 (CM)

ORDER TO AMEND

COLLEEN McMAHON, Chief United States District Judge:

      Plaintiff, appearing *pro se*, brings this action under the Americans with Disabilities Act

(ADA), alleging that Defendants are "depriving [him] to exercise [his] civil right from a public

agency and '14 amendment' I shall not be deprive[d] by law." (ECF No. 2 at 2.) By order dated

September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees,

that is, *in forma pauperis* (IFP). For the reasons set forth below, the Court grants Plaintiff leave

to file an amended complaint within sixty days of the date of this order.

**STANDARD OF REVIEW**

      The court must dismiss an *in forma pauperis* complaint, or any portion of the complaint,

that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The court must also dismiss a complaint if

the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

      While the law mandates dismissal on any of these grounds, the court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil

Procedure, which requires a complaint to make a short and plain statement showing that the

pleader is entitled to relief.

The Supreme Court has held that under Rule 8, a complaint must include enough facts to

state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the

court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing

the complaint, the court must accept all well-pleaded factual allegations as true. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals

of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550

U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the court

must determine whether those facts make it plausible – not merely possible – that the pleader is

entitled to relief. *Id.*

## BACKGROUND

Plaintiff Alex DeJesus identifies himself an individual with a mental health disability. His

complaint is not the model of clarity, but the Court is able to glean the following facts from his

complaint and the attachments.

Plaintiff filed complaints with the New York City Commission on Human Rights (CHR)

against several landlords alleging discrimination. Plaintiff called the CHR several times to find

out the status of his complaints, but he alleges that the office refused to answer the phone.

On March 28, 2019, Plaintiff went to the office located at 22 Reade Street, New York,

New York. He asserts that he was kicked out of the office by DCAS police officers Wilson and

Uylessy, and they told Plaintiff that they could not disclose any information. Plaintiff alleges that the officers caused him humiliation, embarrassment, mental anguish, and emotional distress.

Plaintiff brings this action seeking $200,000.00 and "a one-bedroom apartment in the best 'neighborhood' away from the nonsense and enforce the agency to investigate these landlords and why are the[y] not accepting 'Section 8.'"

## DISCUSSION

### A.    Mandamus Relief

Because Plaintiff seeks to have this Court compel the New York City Commission on Human Rights to investigate his complaints about landlords who do not accept Section 8, Plaintiff's complaint is construed as a request for mandamus relief. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "It is well-settled that 'federal courts have no general power to compel action by state officials.'" *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314 (LBS), 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir. 1988) (rejecting application for writ of mandamus compelling state court judge to permit defense counsel's use of race-based peremptory challenges)); *see Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty.").

Plaintiff's request is denied because this Court does not have jurisdiction to compel city actors to perform their duties. That part of the complaint is therefore dismissed for lack of subject matter jurisdiction.

**B.      Claims Under the ADA**

The ADA prohibits discrimination against the disabled in major areas of life. The statute consists of three parts: Title I, 42 U.S.C. § 12111−12117, which prohibits discrimination in employment; Title II, 42 U.S.C. § 12131−12165, which prohibits discrimination by public entities; and Title III, 42 U.S.C. § 12181− 12189, which prohibits discrimination in access to public accommodations. *PGA Tour, Inc. v. Martin,* 532 U.S. 661, 675 (2001).

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subject to discrimination by such entity." 42 U.S.C. § 12132. To assert a claim under this statute,

> a plaintiff must demonstrate that (1) he is a qualified individual with a disability; (2) the defendant is subject to one of the Acts; and (3) he was denied the opportunity to participate in or benefit from the defendant's services, programs, or activities, or was otherwise discriminated against by the defendant because of his disability." *Id.* And "a defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual 'to have access to and take a meaningful part in public services.'"

*McElwee v. Cty. of Orange*, 700 F.3d 635, 640 (2d Cir. 2012) (quoting *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 85 (2d Cir.2004)).

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). The statute further states that

> [i]t shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation *that is not equal to that afforded to other individuals*.

42 U.S.C. § 12182(b)(1)(A)(ii) (emphasis added); *see also Camarillo v. Carrols Corp.,* 518 F.3d 153, 156 (2d Cir. 2008).

Even based on a liberal reading of Plaintiff's allegations, the Court is unable to conclude that this action can proceed under the ADA. Although Plaintiff identifies himself as an individual with a mental health disability, he does not allege facts suggesting that Defendant discriminated against him, or retaliated against him, because of his mental health.

**C.      Request for Counsel**

On August 15, 2019, Plaintiff filed an application for the Court to request *pro bono* counsel. (ECF No. 3.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

**LEAVE TO AMEND**

Second Circuit precedent is clear that "[a] *pro se* complaint should not [be] dismiss[ed] without [the Court's] granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted)). Because it is not clear whether Plaintiff can state a valid claim, the Court grants Plaintiff leave to amend within 60 days of the date of this order.

In the event that Plaintiff chooses to file an amended complaint, the Court strongly encourages him to ask for assistance from someone who can help him organize his thoughts and

claims. If Plaintiff needs legal advice related to this matter, he may contact the New York Legal

Assistance Group's Legal Clinic for Pro Se Litigants in the Southern District of New York, which

is a free legal clinic staffed by attorneys and paralegals to assist those who are representing

themselves in civil lawsuits in this Court. A copy of the flyer with details of the clinic is attached

to this order. The amended complaint, if Plaintiff chooses to file one, should be sent to this Court's

Pro Se Intake Unit.

In the statement of claim, Plaintiff must provide a short and plain statement of the

relevant facts supporting each claim against each defendant named in the amended complaint.

Plaintiff is also directed to provide the addresses for any named defendants. To the greatest

extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including
   what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date
   and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and
   describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive
   relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated

his federally protected rights; what facts show that his federally protected rights were violated;

when such violation occurred; where such violation occurred; and why Plaintiff is entitled to

relief. Because Plaintiff's amended complaint will completely replace, not supplement, the

original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the

amended complaint.

**CONCLUSION**

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-4480 (CM). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff's request for counsel (ECF No. 3) is denied without prejudice to renewal at a later date.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:     October 11, 2019
           New York, New York

           _____
                  COLLEEN McMAHON
               Chief United States District Judge

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
                         (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of

                (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

## A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                    State           Zip Code

_____

Telephone Number            Email Address (if available)

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 2: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 3: _____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                    Zip Code

Defendant 4: _____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                    State                    Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

| |
|---|
| Street Address |

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.