UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __12/18/2019__

ALEX DeJESUS,

                Plaintiff,

        -against-

STEPHANIE RUDOLPH; COMMISSION ON
HUMAN RIGHTS,

                Defendants.

19-CV-4480 (VSB)

ORDER OF SERVICE

VERNON S. BRODERICK, United States District Judge:

Plaintiff, who appeared *pro se* at the time he filed this action, alleges that Defendants violated his rights. By order dated September 30, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP). On December 11, 2019, Attorney Peter A. Saad, Jr. filed a notice of appearance on Plaintiff's behalf. Plaintiff, by his attorney Peter A. Saad, Jr. filed an amended complaint on December 12, 2019.[1]

## DISCUSSION

### A.     Service on Defendants

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

---

[1] Counsel has not requested issuance of summons.

summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date the summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants Stephanie Rudolph and the New York City Commission on Human Rights through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each of these Defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these Defendants.

### CONCLUSION

The Clerk of Court is further instructed to issue summonses, complete the USM-285 forms with the addresses for Stephanie Rudolph and the New York City Commission on Human Rights, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 18, 2019
            New York, New York

Vernon S. Broderick
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1.  Stephanie Rudolph
    New York City Commission on Human Rights
    22 Reade Street
    New York, New York 10007

2.  New York City Commission on Human Rights
    22 Reade Street
    New York, New York 10007