```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
ALEX DEJESUS,                                               :
                                                            :
                              Plaintiff,                    :
                                                            :           19-CV-4480 (VSB)
        - against -                                         :
                                                            :                 **ORDER**
                                                            :
STEPHANIE RUDOLPH and COMMISSION                            :
OF HUMAN RIGHTS,                                            :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

I am in receipt of Plaintiff's motion for reconsideration of my dismissal of his case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Doc. 27.) Because Plaintiff's motion is untimely and Plaintiff has failed to establish that relief from judgment is otherwise justified on the merits, Plaintiff's motion is DENIED.

### I. Background and Procedural History

Plaintiff initiated this action pro se by filing a complaint on May 14, 2019. (Doc. 2.) Chief Judge Colleen McMahon filed an order on October 11, 2019, directing Plaintiff to file an amended complaint within 60 days. (Doc. 5.) On December 11, 2019, pro bono counsel filed a notice of appearance, (Doc. 7), and the next day pro bono counsel filed an amended complaint, (Doc. 8).

On April 20, 2020, Defendants filed a motion to dismiss Plaintiff's amended complaint. (Doc. 20.) On May 20, 2020, as Plaintiff had neither amended his operative complaint in response to Defendants' motion to dismiss, opposed the motion, nor requested additional time to

respond to the motion, I ordered Plaintiff to either file an amended complaint or file a memorandum of law in opposition to Defendants' motion to dismiss no later than May 29, 2020, and warned that failure to do so would result in dismissal of this action for failure to prosecute. (Doc. 21.) On May 28, 2020, pro bono counsel requested, (Doc. 22), and I granted Plaintiff an extension of the deadline to respond to Defendants' motion to dismiss to June 15, 2020, (Doc. 23). On June 15, 2020, Defendants filed a letter stating that they did not object to Plaintiff filing a response to Defendants' Motion to Dismiss by June 19, 2020. (Doc. 24.) By that date, Plaintiff still had failed to comply with my Order. On July 13, 2020, I again ordered Plaintiff to either file an amended complaint or file a memorandum of law in opposition to Defendants' motion to dismiss no later than July 17, 2020, and warned that failure to amend the operative complaint or oppose Defendants' motion would result in immediate dismissal of this action for failure to prosecute. (Doc. 25.)

On July 20, 2020, as Plaintiff had not complied with the July 13, 2020 Order or my previous orders, I dismissed Plaintiff's case for failure to prosecute in accordance with Federal Rule of Civil Procedure 41(b). (Doc. 26) (citing *Tribble v. City of New York*, No. 10 CIV. 8697 JMF, 2013 WL 69229, at *3 (S.D.N.Y. Jan. 3, 2013) (stating that a court "may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed") (internal quotation marks omitted)).

On September 29, 2020, over two months after my July 20, 2020 Order of dismissal, Plaintiff filed the instant motion for reconsideration pro se, which was served on Defendants on October 8, 2020. (Doc. 27.) On October 20, 2020, Defendants filed an opposition to Plaintiff's motion. (Doc. 28.) Plaintiff did not file a reply.

2

## II. Discussion

Local Rule 6.3 provides that "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." Plaintiff filed the instant motion for reconsideration on September 29, 2020, seventy-one days after my dismissal and long past the two-week window provided for in Local Rule 6.3. "As numerous cases from this Circuit have held, the untimeliness of a motion for reconsideration is reason enough to deny the motion." *McGraw-Hill Glob. Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018); *see also, e.g.*, *Cooper v. Lapra*, No. 18 CIV. 9405 (KPF), 2020 WL 7027592, at *1 (S.D.N.Y. Nov. 30, 2020) (finding "reason enough to deny [the petitioner's] motion for reconsideration" where the petitioner offered "no justification for his delay in filing the motion for reconsideration").

In any case, even if I were to ignore the untimeliness of Plaintiff's motion to reach its merits, I find no basis for reversing my previous dismissal. An untimely motion for reconsideration is treated as a motion pursuant to Federal Rule of Civil Procedure 60(b), *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010),which provides for relief from a judgment due to "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief," Fed. R. Civ. P. 60(b). "Generally, courts require that the evidence in support of the motion to vacate a final judgment be 'highly convincing,' that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties." *Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal citations omitted).

Here, Plaintiff asserts that he was misled by his attorney, Peter Saad, into first believing that he had a legitimate cause of action, only to later be told that his case was weak and that the appropriate course of action for the case was dismissal without prejudice. (Doc. 27, at 1.) Plaintiff states that he was under the false impression that Mr. Saad would represent him and file an amended complaint on his behalf. (*Id.*) Plaintiff attaches proof of an ongoing complaint for attorney misconduct filed with the State of New York Grievance Committee for the Tenth Judicial District (the "Committee") in the form of correspondence from the Committee acknowledging receipt of Plaintiff's complaint dated May 23, 2019, against an unnamed attorney. (*Id*. at 2.) Plaintiff claims that he filed this complaint for attorney misconduct against Mr. Saad; however, the correspondence does not name Mr. Saad, and the complaint was filed with the Committee more than six months before Mr. Saad had filed a notice of appearance in this case on December 11, 2019, (Doc. 7), belying Plaintiff's claim that the complaint was about Mr. Saad's actions or lack thereof in the instant case. Plaintiff also alludes to a potential "conflict of interest," but does not state his grounds for this suspicion. (Doc. 27, at 1.) Plaintiff appears to seek relief from judgment pursuant to Rule 60(b)(1) on the theory that his omissions were due to the "mistake, inadvertence or excusable neglect" of his counsel, and I will construe his motion accordingly.

As an initial matter, Plaintiff's non-specific, conclusory allegations that he was misled by his attorney, without more, do not provide the degree of "highly convincing" evidence required for relief from judgment. Plaintiff does not claim, for instance, that he did not receive notice of either of my orders to show cause. *Cf. Kotlicky*, 817 F.2d at 8–9 (finding evidence in support of 60(b) motion for relief from dismissal for failure to appear "highly convincing" where the movant "explained that he could not have received notice on [the day that] delivery was first

attempted, because he had been on duty as an airline and military pilot" and "provided copies of flight logs in support of this explanation"). Nor does he provide any evidence that after his attorney failed to timely file an amended complaint or response to Defendants' motion to dismiss in disregard of my first order to show cause, he attempted to secure reassurance that his attorney would meet the next deadline to do so.

Even assuming as true that Mr. Saad neglected to timely respond to my orders to show cause in dereliction of his duty as Plaintiff's attorney, this Circuit has "consistently declined to relieve a client under subsection (1) of the burdens of a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or other rules of the court, or his inability to efficiently manage his caseload." *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986) (internal quotation marks omitted). Where, as here, a plaintiff "voluntarily chose [an] attorney as his representative in the action, . . . he cannot now avoid the consequences of the acts or omissions of this freely selected agent." *United States v. Cirami*, 535 F.2d 736, 740 (2d Cir. 1976). "Mere dissatisfaction in hindsight with choices deliberately made by counsel is not grounds for finding the mistake, inadvertence, surprise or excusable neglect necessary to justify Rule 60(b)(1) relief." *Nemaizer*, 793 F.2d at 62; *see, e.g.*, *Hill v. World Class Auto. Corp.*, No. 06-CV-2496 (SLT)(RLM), 2008 WL 4809445, at *3 (E.D.N.Y. Nov. 4, 2008) (noting that even if the assertion that attorney was unaware of order to show cause why plaintiff's case should not be dismissed for lack of prosecution were taken as true, plaintiff was not entitled to relief from dismissal of her case).

Nor has Plaintiff shown gross attorney incompetence warranting relief under Rule 60(b)(6). *See, e.g.*, *Cirami*, 535 F.2d at 741–42 (declining relief from order dismissing case due to counsel's neglect where there was no "unusual circumstance of attorney disappearance," and

no allegation of any attempt by plaintiff "to provide the court below with any explanation for his failure to oppose [a] motion for summary judgment"). As Plaintiff's memorandum in support of his motion makes apparent, Plaintiff was in contact with his attorney about his case and communicated with him in June 2020, after I had issued my first order to show cause. (*See* Doc. 27, at 1.) Again, this raises the question of why Plaintiff did not then direct his counsel to respond to my order, or seek alternate counsel to the extent that he deemed Mr. Saad inadequate. Plaintiff has submitted no explanation for what appears to be a lack of diligence in prosecuting his case. This being the case, I find that Plaintiff has not pled any extraordinary circumstances warranting relief from judgment.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion for relief from my order dismissing his case is DENIED. The Clerk of Court is respectfully directed to terminate the open motion at Document 27, and to mail a copy of this Order to pro se Plaintiff.

SO ORDERED.

Dated: June 1, 2021
     New York, New York

Vernon S. Broderick
United States District Judge